UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

COREY L. BYRD,

       Plaintiff,

    v.

ANDREW M. SAUL,[1] Commissioner of
 Social Security,

       Defendant.
_____

**DECISION
and
ORDER**

**18-CV-01244F**
(**consent**)

APPEARANCES:   LAW OFFICES OF KENNETH R. HILLER, PLLC
           Attorneys for Plaintiff
           KENNETH R. HILLER, and
           KELLY ELIZABETH LAGA-SCIANDRA, of Counsel
           6000 North Bailey Avenue, Suite 1A
           Amherst, New York 14226

           JAMES P. KENNEDY, JR.
           UNITED STATES ATTORNEY
           Attorney for Defendant
           Federal Centre
           138 Delaware Avenue
           Buffalo, New York 14202
              and
           OONA MARIE PETERSON
           Special Assistant United States Attorney, of Counsel
           Social Security Administration
           Office of General Counsel
           26 Federal Plaza – Room 3904
           New York, New York 10278
              and
           DENNIS J. CANNING
           Special Assistant United States Attorneys, of Counsel
           Social Security Administration
           Office of General Counsel
           601 E. 12th Street, Room 965
           Kansas City, Missouri 64106

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

## JURISDICTION

On October 7, 2019, the parties to this action, in accordance with a Standing Order, consented pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned. (Dkt. 14). The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on June 1, 2019 (Dkt. 10), and by Defendant on July 26, 2019 (Dkt. 12).

## BACKGROUND

Plaintiff Corey L. Byrd ("Plaintiff"), brings this action under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application filed with the Social Security Administration ("SSA"), on August 6, 2015, for Social Security Supplemental Income ("SSI") under Title XVI of the Act ("disability benefits"). Plaintiff alleges he became disabled on July 15, 2015, based on a gunshot wound resulting in nerve damage to his right foot, a rod in his femur, and depression. AR[2] at 240, 244. Plaintiff's application initially was denied on October 20, 2015, AR at 83-93, and at Plaintiff's timely request, an administrative hearing was held on October 23, 2017, before Administrative Law Judge ("ALJ") Elizabeth Ebner in Falls Church, Virginia, with Plaintiff, represented by Jonathan Emdin, Esq., appearing and testifying via videoconference in Buffalo, New York. AR at 40-82. Vocational expert Jeannie Deal ("the V.E."), also appeared and gave testimony. *Id.*

---

[2] References to "AR" are to the page of the Administrative Record electronically filed by Defendant on March 29, 2019 (Dkt. 7).

On November 20, 2017, the ALJ issued a decision denying Plaintiff's claim., AR at 15-28 ("the ALJ's decision"), which Plaintiff timely appealed to the Appeals Council, AR at 364-65.  On September 17, 2018, the Appeals Council issued a decision denying Plaintiff's request for review, rendering the ALJ's decision the Commissioner's final decision.  AR at 1-3.  On November 7, 2018, Plaintiff commenced the instant action seeking judicial review of the ALJ's decision.

On June 1, 2019, Plaintiff moved for judgment on the pleadings (Dkt. 10) ("Plaintiffs' Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 10-1) ("Plaintiff's Memorandum").  On July 26, 2019, Defendant moved for judgment on the pleadings (Dkt. 12) ("Defendant's Motion"), attaching the Commissioner's Brief in Response Pursuant to Local Civil Rule 5.5 for Social Security Cases (Dkt. 12-1) ("Defendant's Memorandum").  Filed on August 16, 2019, was Plaintiff's Response to the Commissioner's Brief in Support Pursuant to Local Standing Order and in Further Support for Plaintiff's Motion for Judgment on the Pleadings (Dkt. 13) ("Plaintiff's Reply").  Oral argument was deemed unnecessary.

Based on the foregoing, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.

## **FACTS**[3]

Plaintiff Corey L. Byrd ("Plaintiff" or "Byrd"), born July 20, 1985, was 19 years old as of June 20, 2005, his alleged disability onset date ("DOD"), and 32 years old as of November 24, 2017, the date of the ALJ's decision.  AR at 28, 240.  Plaintiff attended

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

high school in regular classes through 9th grade, dropping out during 10th grade, and has neither obtained a high school graduate equivalency degree ("GED"), nor pursued vocational training. AR at 245. Plaintiff's work experience includes brief stints as a factory laborer, landscaper, and fast food cook. AR at 238-39, 245. As of the administrative hearing, Plaintiff lived with his mother and brother and shared joint custody of his five-year old son who lived with Plaintiff every other weekend. AR at 44-45.

At age 19, Plaintiff was the unintended victim of a gunshot, requiring the surgical insertion of a rod in his right femur and nerve damage to his right foot. AR at 216. Following the gunshot, Plaintiff filed an SSI claim in 2006 and was determined to be disabled as of September 12, 2005 based on the gunshot wound. AR at 97, 216. On March 15, 2012, Plaintiff's medical condition was determined to have improved to the point Plaintiff was capable of performing sedentary work and, thus, no longer disabled and his SSI was terminated. AR at 97-111. Plaintiff appealed the decision which was upheld by a Disability Hearing Officer on October 25, 2012, AR at 214-23, and by an ALJ on August 30, 2013.[4] AR at 94-96.

On May 28, 2016, Plaintiff sustained another gunshot wound to his right leg in the area of the tibia, fibula, and ankle. AR at 383. Plaintiff was taken for treatment to the emergency room at Erie County Medical Center ("ECMC"), where X-rays revealed no fracture, the gunshot wound was cleaned and dressed, Plaintiff received a tetanus shot and antibiotics, provided with crutches to aid with ambulation, and discharged the same day. AR at 384-85.

---

[4] A subsequent SSI claim was denied on October 28, 2014, following initial review, AR at 240-41, and the AR is devoid of any evidence indicating Plaintiff appealed that denial.

# DISCUSSION

## 1. Standard and Scope of Judicial Review

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A). A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error. 42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id.* "Congress has

instructed . . . that the factual findings of the Secretary,[5] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982).

**2.      Disability Determination**

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits. *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a). The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). If the claimant meets the criteria at any of the five steps, the inquiry ceases and the claimant is not eligible for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement of at least 12 continuous months, there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience. 42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d). As a fourth

---

[5] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

6

step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" or "RFC" which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW"). 20 C.F.R. §§ 404.1520(e) and 416.920(e). If the applicant remains capable of performing PRW, disability benefits will be denied, *id.*, but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c). The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).

In the instant case, the ALJ found Plaintiff has not engaged in substantial gainful activity since July 15, 2015, his disability benefits application date, AR at 17, and suffers from the severe impairments of status-post two right lower extremity gunshot wounds, status-post remote femoral fracture and open reduction internal fixation surgery with retained hardware and residual foot drop, lumbar disc bulges and degenerative disc disease, history of cervical spasms and straightening, history of right shoulder tendinopathy, and depression, but does not have an impairment or combination of impairments meeting or medically equal to the severity of any listed impairment in 20

C.F.R. Part 404, Subpart P, Appendix 1, *id.* at 17-19, that Plaintiff retains the RFC to perform sedentary work as defined in 20 C.F.R. § 416.967(a), with additional restrictions requiring Plaintiff be able to stand for one to two minutes after sitting for 45 minutes without going off-task or leaving the workstation, frequently reach, handle, finger, and operate hand controls, occasionally climb ramps and stairs, balance, stoop, crouch or operate foot controls, but never kneel, crawl or climb ladders, ropes, or scaffolds, and must avoid all exposure to unprotected heights and dangerous moving mechanical parts, tolerate occasional exposure to extreme heat and cold, vibrations, humidity, and wetness, perform simple, routine tasks involving occasional workplace changes and occasional interaction with coworkers, supervisors, and the public, and be off-task up to five percent of an eight-hour workday in addition to normal breaks.  AR at 19-26, that Plaintiff is, based on his age, a younger individual, with a limited education but able to communicate in English, and has no past relevant work experience.  AR at 26.  The ALJ further found Plaintiff could perform jobs that exist in significant numbers in the national economy including as a document preparer and final assembler.  AR at 26-27.  Based on these findings, the ALJ determined Plaintiff is not disabled as defined under the Act. *Id.* at 27.

Plaintiff's sole challenge to the ALJ's findings is the determination that Plaintiff's impairments would require Plaintiff to be off-task only 5% of a standard eight-hour workday, despite the fact that such finding is not "tethered" to any medical evidence. Plaintiff's Memorandum at 14-17; Plaintiff's Reply at 2-4.  The significance of this finding is attributed to the V.E.'s hearing testimony that for most employers, the accepted tolerance level for an employee to be off-task was 10% such that if Plaintiff's

impairments caused Plaintiff to be off-task more than 10% of a standard eight-hour work day, Plaintiff would not be able to perform any work existing in the national economy. AR at 77-78.  In opposition to this argument, Defendant maintains that because no treating or examining medical source opined that Plaintiff would be off-task, the ALJ, by including the 5% off-task limitation, assessed Plaintiff with an RFC that was more restrictive than what is supported by the medical evidence in the record.  Defendant's Memorandum at 16-17, 19, 20.  There is no merit to Plaintiff's argument.

In support of his argument that the ALJ improperly assessed Plaintiff with a 5% off-tack limitation without "tethering" such assessment to any medical evidence, Plaintiff relies on *White v. Berryhill*, 2019 WL 1387417 (S.D.N.Y. Mar. 6, 2019), *report and recommendation adopted* 2019 WL 1383639 (S.D.N.Y. Mar. 27, 2019).  Plaintiff's Memorandum at 15; Plaintiff's Reply at 3.  In *White*, the ALJ, without any explanation, determined that the plaintiff would be off-task no more than 5% of the workday despite the findings of several consultative examiners assessing Plaintiff with moderate impairments in areas relevant to remaining on-task.  *White*, 2019 WL 1387417, at ** 22-23. Rather, the plaintiff's medical evidence contained consultative opinions from two psychologists assessing the plaintiff with moderate limitations in maintaining a regular schedule, learning new tasks, independently performing complex tasks, performing tasks on schedule, working at a consistent pace without an unreasonable number and length of rest periods, and sustaining attention and concentration for simple tasks.  *Id.* at ** 7-8. In contrast, in the instant case, the medical record is devoid of similar assessments regarding any factors relevant to Plaintiff's ability to remain on-task such that the fact the ALJ's inclusion of the 5% off-task limitation is not based on any medical

evidence in the record establishes only that the ALJ assessed Plaintiff with a *more* restrictive RFC than the record supports.  Accordingly, the ALJ's determination is supported by substantial evidence in the record.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. 10) is DENIED; Defendant's Motion (Dkt. 12) is GRANTED.  The Clerk of Court is directed to close the file.
SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   February 24th, 2020
                Buffalo, New York